IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 18-cv-00867-RM-SKC

TINA SHAW, *a Missouri citizen*;

    Plaintiff,

v.

SHANDONG YONGSHENG RUBBER CO. LTD., *a Chinese corporation*;
SHANDONG YONGSHENG RUBBER GROUP CO. LTD., *a Chinese corporation*;
ITG VOMA CORP., *a Nevada Corporation*;
AMERICAN TIRE DISTRIBUTORS HOLDINGS, INC., *a Delaware corporation*; and
AMERICAN TIRE DISTRIBUTORS, INC., *a Delaware corporation*;

    Defendants.
_____

**ORDER RE: DISCOVERY DISPUTE**
_____

This discovery dispute is over Defendant ITG Voma Corp.'s ("ITG") discovery requests to Plaintiff which Plaintiff claims seek collateral source information that is not discoverable. As instructed by the Court, ITG and Plaintiff submitted simultaneous discovery briefs on January 17, 2020. [#256 (Plaintiff); #254 (ITG).] Defendant Shandong Yongshen Rubber Co. Ltd. ("Shandong") also submitted a discovery brief supporting ITG. [#255.] The Court has carefully considered the Parties' arguments and finds that no hearing is necessary. "It is ITG's position that Plaintiff should be compelled to produce unredacted medical bills and records and information regarding medical liens . . .." [#254 at p.2.] Therefore, in resolving this dispute, the Court construes this matter as a motion to compel by ITG.

1

## A. BACKGROUND RELEVANT TO THIS ORDER

This is a product liability case in which Plaintiff alleges she suffered permanent injuries from a car accident allegedly caused by the failure of a Capitol Precision Trac II tire. She claims various permanent disabling injuries, including but not limited to multiple fractures, a traumatic brain injury, and cognitive impairments. Over the course of discovery, Plaintiff has produced her medical bills and medical records but with redactions of information she contends is collateral source information. *See Volunteers of Am. v. Gardenswartz*, 242 P.3d 1080 (Colo. 2012). ITG and Shandong (collectively, "Defendants") argue that, at a minimum, information regarding medical liens and payments made is discoverable and not subject to Colorado's collateral source rule.

## B. LEGAL PRINCIPLES

### 1. Scope of Discovery

The scope of discovery in federal court is broad. Federal Rule of Civil Procedure 26 permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, while the proportional needs of the case serve as guardrails for further reasonably tailoring the scope of discovery. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling…production" if the other party fails to produce requested information. Fed. R. Civ. P. 37(a)(3)(B). The moving party bears the burden of proof. *EchoStar Commc'ns. Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo.

1998). The moving party must prove the opposing party's responses are incomplete. *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976); *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007). Additionally, when the relevance of a discovery request is not apparent on the face of the request, the proponent of that discovery bears the burden of making an initial showing of relevance. *See Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007).

### 2. Collateral Source Rule

"Colorado's collateral source rule consists of two components: (1) a post-verdict setoff rule, codified at section 13–21–111.6; and (2) a pre-verdict evidentiary component . . . ." *Wal–Mart Stores, Inc. v. Crossgrove*, 276 P.3d 562, 565 (Colo. 2012). The pre-verdict component, at issue here, bars "evidence of collateral source benefits because such evidence could lead the fact-finder to improperly reduce the plaintiff's damages award on the grounds that the plaintiff already recovered his loss from the collateral source." *Id.* The pre-verdict component applies even to preclude evidence of amounts paid by a collateral source notwithstanding Colorado's competing "reasonable value rule," which provides that amounts paid for medical services is some evidence of the reasonable value of those expenses. *Id.* at 566-67.

"A collateral source is a person or company, wholly independent of an alleged tortfeasor, that compensates an injured party for that person's injuries." *Smith v. Jeppsen*, 277 P.3d 224, 228 (Colo. 2012). The keenest way to spot a collateral source is to look for compensation or indemnity received by a plaintiff from a third party. *See id.*; *Crossgrove*,

276 P.3d at 565-66 (generally discussing the collateral source doctrine as applying when a third party compensates or indemnifies an injured party for losses); *Colorado Permanente Med. Grp., P.C. v. Evans*, 926 P.2d 1218, 1230 (Colo. 1996) (same); *see also Pressey by & through Pressey v. Children's Hosp. Colorado*, 2017 WL 929931, at *2-3 (Colo. App. March 9, 2017) (same), *cert. dismissed*.

## C. ANALYSIS

The Parties' discovery briefs talk around each other somewhat. Plaintiff focuses her brief on opposing production of information related to her Medicare and Medicaid payments because benefits paid by these government-run programs are from a collateral source. *Smith v. Kinningham*, 328 P.3d 258, 262 (Colo. App. 2013) (Medicaid); *Forfar v. Wal-Mart Stores, Inc.*, 436 P.3d 580, 585 (Colo. App. 2018) (Medicare). Defendants seek to compel production of medical lien information. But in a footnote, Plaintiff claims Defendants' arguments concerning medical liens are irrelevant because she "has not engaged an injury finance or 'medical lien billing' company." Confusing the issue, however, instead of answering ITG's discovery requests which seek information about medical lien companies by stating she never used any, Plaintiff instead lodged a robust objection complete with collateral source arguments and statutory and case law citations. [#254-1 (Exhibit A at "Non-Pattern"[1] Interrogatory No. 11).] In addition to medical lien information, Defendants generally seek production of payments made for medical services regardless of the source.

---

[1] ITG apparently served Plaintiff with "pattern" and "non-pattern" interrogatories. The Court places these references in quotations because there are no recognized form or "pattern" interrogatories in federal court.

1.     **Medical Lien Companies**

So far, no Colorado state appellate court has addressed the issue of whether medical lien companies are collateral sources under Colorado law. The Court observes that, though not unanimous, numerous state trial courts to consider the issue have held that information pertaining to medical liens does not involve a collateral source. *See, e.g., Comstock v. Hecht*, No. 18CV31341, 2019 WL 5680687, at *1 (Colo. Dist. Ct. Aug. 21, 2019); *Hutchins v. Young*, No. 2018 CV 30022, 2018 WL 7503434 (Colo. Dist. Ct. Nov. 06, 2018); *Carrasco v. Salazar*, No. 2016CV033031, 2018 WL 3733340 (Colo. Dist. Ct. Apr. 02, 2018); *Saunders v. Aggregate Industries-WCR, Inc.*, No. 2016CV030203, 2017 WL 10058543 (Colo. Dist. Ct. Sep. 21, 2017); *Merritt v. Landgraf*, 2017 Colo. Dist. LEXIS 1206 (Colo. Dist. Ct. July 27, 2017); *Nunez-Hurtado v. Rupe*, No. 2015CV031629, 2016 WL 6662339 (Colo. Dist. Ct. July 15, 2016).

In this district, Magistrate Judge Hegarty considered the issue for discovery purposes in *Ortiviz v. Follin*, No. 16-CV-02559-MSK-MEH, 2017 WL 3085515 (D. Colo. July 20, 2017). The issue before Judge Hegarty was whether to quash a subpoena as seeking information prohibited by Colorado's collateral source rule when the subpoena sought information from Marrick, a medical lien finance company. *Id.* at *3. Because the plaintiff had to pay Marrick the full amount of his billed medical expenses regardless of what he recovered in his lawsuit, Judge Hegarty held "there is at least a fair basis for a holding that Marrick is not a collateral source." *Id.* at *3-*4. Based on the potential that the collateral source rule did not apply to Marrick, Judge Hegarty concluded it would be improper to quash the subpoena on that basis, while noting that the presiding district

judge could later decide whether the collateral source rule applied to preclude that evidence at trial. *Id.* at *4.

This Court is persuaded by the above-cited authorities. Payments by a medical lien company do not indemnify or compensate the injured person for her medical services debt; rather, the payments go directly to the medical service provider to satisfy the debt, and the injured person's debt service obligation is then owed to the medical lien company—effectively a loan arrangement. As a result, medical liens do not appear to be subject to the collateral source rule.

But this Court doesn't have to decide that question because the matter before the Court is a discovery dispute. Since medical lien companies at least arguably are not subject to the collateral source rule, that rule does not provide a basis to preclude discovery pertaining to any medical lien companies utilized by Plaintiff. Whether any such payments or other discovery concerning Plaintiff's medical lien companies is admissible at trial will be decided by the presiding district judge at the appropriate time. For discovery purposes, amounts paid by medical lien companies are relevant to Plaintiff's claimed damages, and this discovery is proportional to the needs of the case. *Id.* at *6 ("[T]the Court holds that the amount Marrick paid Mr. Ortiviz's medical providers is relevant, and its disclosure is proportional to the needs of this case.") Thus, Plaintiff must supplement her response to "Non-Pattern" Interrogatory No. 11 with any applicable responsive information.[2]

---

[2] "Non-Pattern" Interrogatory No. 11 asks: "Are there any liens associated with the claims set forth in YOUR Complaint? If so, please IDENTIFY to whom they are owed and in what amounts."

**2.     Medicare and Medicaid**

As mentioned above, Medicare and Medicaid are subject to the collateral source rule. "Even so, the collateral source rule is generally one of admissibility, not discoverability." *Heuskin v. D&E Transp., LLC*, No. CV 19-957 MV/GBW, 2020 WL 1450575, at *10 (D.N.M. Mar. 25, 2020); *see also Erhart v. BofI Holding, Inc.*, No. 15-CV-2353-BAS-NLS, 2018 WL 4204928, at *7 (S.D. Cal. Sept. 4, 2018) (noting that "the test for discoverability is not admissibility" and permitting discovery of documents "even where the collateral source rule applies"); *Equal Employment Opportunity Comm'n v. Autozone, Inc.*, No. 12-C-303, 2013 WL 12180861, at *7 (E.D. Wis. Aug. 21, 2013) (rejecting plaintiff's argument that "because the collateral source rule applies, the information that the defendants seek is not relevant"). Additionally, Rule 26(b)(1) expressly states that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Whether or not admissible at trial, the amounts paid for medical services remains some evidence of the reasonable value of those medical expenses.[3] *Kendall v. Hargrave*,

---

[3] Plaintiff cites the Colorado Supreme Court's decision in *Sunahara v. State Farm Mut. Auto. Inc. Co.*, 280 P.3d 649 (Colo. 2012), for the proposition that the reasonable value rule is an "incorrect legal standard." But that's not what the *Sunahara* Court held. The Court held that the collateral source rule (and the policy reasons behind it) prohibited the admission of amounts paid evidence at trial for the purpose of determining reasonable value. *Id.* at 655. The court did not expressly invalidate the reasonable value rule nor rule that amounts paid are not evidence of the reasonable value of medical services—it simply ruled that such evidence in not admissible at trial. *Id. See for example Crossgrove*, 276 P.3d at 565 n.4 ("We do not opine as to whether evidence of amounts paid by a collateral source for medical expenses is relevant to the reasonable value of those expenses because, whether relevant or not, the evidence is excluded under the collateral source doctrine.")

349 P.2d 993, 994 (Colo. 1960); *Lawson v. Safeway, Inc.*, 878 P.2d 127, 131 (Colo. App. 1994). The Court understands that neither *Kendall* nor *Lawson* involved the collateral source rule; the Court has found no authority, even in the collateral-source construct, which holds the opposite—*i.e.*, that amounts paid are <u>not</u> some evidence of the reasonable value of medical expenses. Further, at least three judges in this district have allowed discovery of medical expense charges and payments without precluding the same based on the collateral source rule. *See Grabau v. Target Corp.*, 06-CV-01308-WDM-KLM, 2008 WL 659776, at *2 (D. Colo. Mar. 6, 2008); *Walters v. Encompass Ins. Co. of Am.*, No. 06-CV-01688-LTB-KLM, 2007 WL 3090766, at *2-3 (D. Colo. Oct. 18, 2007); *see also McGahee v. Trumbull Ins. Co.*, Civil Action No. 11-cv-03007-MEH, 2012 U.S. Dist. LEXIS 160284, at *4 (D. Colo. Nov. 7, 2012) ("[T]he Court finds that Defendant's inability to present evidence of Plaintiff's actual payments to a jury does not bar Defendant from discovering documents related to those payments.").

For these reasons, Plaintiff's redaction of amounts billed and paid based on her assertion of the collateral source rule is improper. The redacted information is relevant and proportional for discovery purposes and must be unredacted.[4] The Court further observes that the amount in controversy, issues at stake, and the Parties' relative access to this information supports its production under Rule 26(b)(1).

---

[4] To the extent Plaintiff raises any privacy concerns about producing unredacted information, the Court finds that the relevance of this information to Plaintiff's damages supports a compelling need for its production, and any privacy interests are adequately addressed by the Protective Order in this case. Concerning Plaintiff's argument that unredacting this information would pose an undue burden, the Court has determined that the redactions were improper; therefore, any burden to correct the error is inapposite.

### D. CONCLUSION

For the above reasons, ITG has met its burden under Rule 37. IT IS ORDERED that Plaintiff shall supplement her response to "Non-Pattern" Interrogatory No. 11 by providing responsive medical lien information, if any.

FURTHER ORDERED that Plaintiff shall supplement her response to Request for Production No. 11 to the extent of responsive information regarding payments billed and payments made by or from any applicable source for medical services comprising Plaintiff's damages in this case.

Any other request for relief sought by Defendants in their briefs is DENIED.

DATED: April 24, 2020

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge